IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS LEON BAHNEY,

    Petitioner,

    v.                                                     CIVIL NO. 08-1203 JB/LAM

JAMES JANECKA, Warden,
GARY K. KING, Attorney General for the State of New Mexico,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### PROPOSED FINDINGS

    1.    **THIS MATTER** is before the Court on Petitioner Thomas Bahney's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (*Doc. 1*) (hereinafter, "*Petition*"), filed on December 29, 2008.  Mr. Bahney also filed *Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus [P]ursuant to 28 U.S.C. § 2254 (Doc. 2)* (hereinafter, "*Memorandum in Support*"), on December 29, 2008.  In response to the *Petition*, Respondents filed their *Answer (Doc. 15)* (hereinafter "*Answer*"), on March 16, 2009.  The Court has considered the parties' submissions and relevant law.  For the reasons set forth below, the Court recommends that the *Petition* be **DENIED** as without merit, and that this case be **DISMISSED WITH PREJUDICE**.

---

[1] **Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within ten (10) days after being served with a copy of the objections.**

1. United States District Judge James O. Browning referred the claims raised in the *Petition* to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. *See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prisoner Cases (Doc. 5).*

2. Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary. *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

3. Mr. Bahney is incarcerated and proceeding *pro se*. On December 29, 2008, he initiated this case by filing his *Petition* seeking habeas relief pursuant to 28 U.S.C. § 2254. Because he is a *pro se* litigant, the Court construes his *Petition* liberally and holds it to a less stringent standard than pleadings drafted by an attorney. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

4. The Court liberally construes Mr. Bahney's *Petition* as claiming that his due process rights were violated in his state criminal case because: (1) he entered into a no contest plea as the result of "pressure, coercion, threats and outright lies" from his counsel and counsel's investigator; (2) an initial plea was offered by the District Attorney and was accepted but later "was withdrawn without cause or reason at the last minute" (*see Petition (Doc. 1)* at 16;[2] (3) his trial attorney rendered ineffective assistance by failing to contact potential witnesses submitted by Mr. Bahney and failing to file a motion to suppress physical evidence that was obtained pursuant to an unlawful arrest (*id.* at 17-18; *see also* **Memorandum in Support** *(Doc. 2)* at 5-6); and (4) he was precluded

---

[2]Unless otherwise noted, all references so designated are to the electronic page numbers listed in the PDF header at the top of each document in the CM-ECF docket.

from filing a reply to the State's response to his petition for certiorari review to the New Mexico Supreme Court because the New Mexico Supreme Court ruled on the petition "immediately" after the State filed its response (*see Petition (Doc. 1)* at 18; *see also Memorandum in Support (Doc. 2)* at 7-8).  As relief, Mr. Bahney asks the Court to "vacate [the] judgement, sentence, and conviction; withdraw [his] plea; [and] remand for new trial, including reinstatement of all original charges."  *See Petition (Doc. 1)* at 14.

      5.      In their *Answer* to Mr. Bahney's *Petition*, Respondents: (1) deny that Mr. Bahney is entitled to federal habeas relief under 28 U.S.C. § 2254 (*see Answer (Doc. 15)* at 3); (2) contend that Mr. Bahney's fourth claim for relief "is an issue of state law and does not raise any claim that is cognizable in a federal habeas proceeding" (*id.* at 4-5); and (3) contend, pursuant to 28 U.S.C. § 2254(d)(1)-(2), that Mr. Bahney has neither alleged nor established that proceedings in his state criminal case

> either 1) resulted in a decision that was contrary to, or involved an unreasonable application of, federal law as determined by the United States Supreme Court, or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

*Id.* at 6.  Additionally, Respondents assert that Mr. Bahney has not offered clear and convincing evidence to overcome the presumption of correctness applied to state court factual determinations pursuant to 28 U.S.C. § 2254(e)(1).  *Id.*  Respondents ask the Court to deny Mr. Bahney's *Petition* and dismiss the *Petition* with prejudice.  *Id.*

### I. Exhaustion of State Court Remedies

      6.      A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  The exhaustion

requirement is considered satisfied "if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In their *Answer*, Respondents concede that Mr. Bahney has exhausted state court remedies with regard to his first three claims but not as to his fourth claim. *See Answer* (*Doc. 15*) at 4. The Court agrees that Mr. Bahney has exhausted his state court remedies for his first three claims because they were all raised in his petition for writ of certiorari with the New Mexico Supreme Court where Mr. Bahney sought review of the denial of his state habeas petition. *See Answer*, Exhibit F *(Doc. 15-2)* at 31-64. Mr. Bahney's fourth claim is that he was precluded from filing a reply to the State's response to his petition for certiorari review, and he states that "no other state exhaustive remedies are available to Petitioner" on this claim. **Memorandum in Support** *(Doc. 2)* at 7-8 (citing 28 U.S.C. § 2254(b)(1)(B)(ii)). The Court finds that since "there is an absence of available State corrective process" for Mr. Bahney's fourth claim, there is no reason to dismiss the claim for failure to exhaust available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(B)(i). The Court will, therefore, consider the claim on its merits.

## *II.  Factual and Procedural Background*

7.      On November 18, 2005, Mr. Bahney was charged by grand jury indictment with murder in the first degree, or, in the alternative, the following offenses: (1) murder in the first degree (felony murder) (principal or accessory); (2) conspiracy to commit murder (willful and deliberate); (3) kidnapping (great bodily harm) (principal or accessory); (4) conspiracy to commit kidnapping; (5) aggravated arson (principal or accessory); and (6) conspiracy to commit aggravated arson. *See Answer*, Exhibit B *(Doc. 15-2)* at 4-5. On March 2, 2007, Mr. Bahney entered into a Plea and Disposition Agreement, whereby he agreed to plead no contest to the charge of first-degree murder (felony murder), the remaining counts would be dismissed, and he would be sentenced to life in

prison (30 years) followed by five years parole. *Id*., Exhibit C *(Doc. 15-2)* at 6-8. On the same day, the state trial judge approved this plea agreement, and entered a "Judgment and Sentence and Commitment" on March 2, 2007. *Id.*, and Exhibit A *(Doc. 15-2)* at 1-2. On July 12, 2007, Mr. Bahney filed a *pro se* petition for writ of habeas corpus in the state district court. *Id.*, Exhibit D *(Doc. 15-2)* at 10-29. His petition presented the following issues for consideration: (1) whether his conviction was obtained by a guilty plea that was unlawfully induced (*id.* at 22); (2) whether his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest (*id.* at 24); and (3) ineffective assistance of counsel for failing to call witnesses at trial (*id.* at 26).

       8.       On April 14, 2008, the New Mexico District Court dismissed Mr. Bahney's petition for writ of habeas corpus. *Id.*, Exhibit E *(Doc. 15-2)* at 30.

       9.       On September 11, 2008, Mr. Bahney filed a petition for writ of certiorari with the New Mexico Supreme Court seeking review of the denial of his state habeas petition. *Id.*, Exhibit F *(Doc. 15-2)* at 31-64. His petition presented the following issues for review: (1) whether Mr. Bahney's guilty plea "was made under extreme duress[] and through coercion;" (2) whether the prosecutor unlawfully withdrew a plea offer to Mr. Bahney after Mr. Bahney had agreed to accept it; (3) whether Mr. Bahney's defense counsel was ineffective by coercing Mr. Bahney into pleading guilty, failing to pursue witnesses with favorable testimony to Mr. Bahney, by making false promises of early release and threats of maximum sentencing if he refused; and (4) whether Mr. Bahney's defense counsel was ineffective by refusing to file a motion to suppress evidence. *Id.* at 32-33. On November 13, 2008, New Mexico's Attorney General filed a response to Mr. Bahney's petition, stating that the petition was untimely filed and that Mr. Bahney failed to support any of his four claims. *Id.*, Exhibit G *(Doc. 15-3)* at 2, 6-9. Specifically, the response states that Mr. Bahney failed to present any evidence showing that his plea was unlawful, that any issues regarding a prior

plea and his motion to suppress were waived in the plea agreement, and that Mr. Bahney's counsel was effective. *Id.* at 6-9.

      10.      On November 26, 2008, the New Mexico Supreme Court entered an order summarily denying Mr. Bahney's petition for writ of certiorari. *Id.*, Exhibit H *(Doc. 15-3)* at 29. Also on November 26, 2008, Mr. Bahney filed a reply to the response to his petition for writ of certiorari (which Mr. Bahney titled an "Answer" to the State's response), wherein Mr. Bahney stated that his plea was coerced, that his counsel was ineffective, that the newspaper article attached to the response was biased and contained false statements, and that he understood that, if the New Mexico Supreme Court granted his petition for writ of certiorari, all of the charges in the indictment would be reinstated. *Id.*, Exhibit I *(Doc. 15-3)* at 32-33. Mr. Bahney did not seek review of the New Mexico Supreme Court decision by writ of certiorari to the United States Supreme Court.

      11.      On December 29, 2008, Mr. Bahney filed his ***Petition*** for federal habeas relief in this Court, initiating this proceeding. *See **Petition*** (*Doc. 1*). His ***Petition*** was timely filed pursuant to 28 U.S.C. § 2244(d)(1)(A) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review.").

### *III. Claims for Habeas Corpus Relief*

### *A. Standards of Review*

12. The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (hereinafter, "AEDPA"), govern this case.[3] The Court cannot grant Mr. Bahney habeas relief pursuant to 28 U.S.C. § 2254(d), unless the decision in his state court proceeding (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2). The United States Supreme Court has construed these statutory provisions, and established rules for applying them, in a series of cases decided since the enactment of AEDPA. *See, e.g., Wright v. Van Patten*, 552 U.S. 120 (2008); *Fry v. Pliler*, 551 U.S. 112 (2007); *Bell v. Cone*, 543 U.S. 447 (2005) (per curiam); *Mitchell v. Esparza*, 540 U.S. 12 (2003) (per curiam); *Wiggins v. Smith*, 539 U.S. 510 (2003); *Lockyer v. Andrade*, 538 U.S. 63 (2003); *Woodford v. Visciotti*, 537 U.S. 19 (2002) (per curiam); *Early v. Packer*, 537 U.S. 3 (2002) (per curiam); *Ramdass v. Angelone*, 530 U.S. 156 (2000); *Williams v. Taylor*, 529 U.S. 362 (2000).

13. The phrase "clearly established Federal law, as determined by the Supreme Court of the United States" in 28 U.S.C. § 2254(d)(1), "'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

14. Under 28 U.S.C. § 2254(d)(1), a state court decision is "contrary to" United States Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law." *Williams v. Taylor*, 529 U.S. at 413. A state court

---

[3] The standards in AEDPA apply to this case because the *Petition* was filed after the effective date of AEDPA which was April 24, 1996. *See Upchurch v. Bruce*, 333 F.3d 1158, 1162 (10th Cir. 2003).

decision is also "contrary to" Supreme Court precedent "if the state court decides [the] case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* However, a state court decision is not "contrary to" Supreme Court precedent "simply because the court did not cite [Supreme Court] opinions. [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002)). *See also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (noting presumption that state courts know and follow the law); *Miller v. Mullin*, 354 F.3d 1288, 1292-1293 (10th Cir. 2004) (AEDPA applicable notwithstanding state court's failure to cite or discuss federal case law). Indeed, a state court need not even discuss the federal law applicable to a claim in order for AEDPA standards to apply. So long as the state court does not dismiss a claim on procedural grounds, a federal court applies the AEDPA standards regardless of whether there is any reasoning supporting the "decision." *See Cook v. McKune*, 323 F.3d 825, 830-831 (10th Cir. 2003); *see also Chadwick v. Janecka*, 312 F.3d 597, 606 (3d Cir. 2002) (discussing that in *Weeks v. Angelone*, 528 U.S. 225 (2000), the Supreme Court applied AEDPA standards of review to a claim the state court dismissed summarily without any explanation of how it reached its decision). Moreover, if a state court's decision does not conflict with the reasoning or the holdings of Supreme Court precedent, the decision is not "contrary to" such precedent under 28 U.S.C. §2254(d)(1) simply because the federal court holds a different view where Supreme Court precedent "is, at best, ambiguous." *Mitchell v. Esparza,* 540 U.S. at 17. If a state court decides a claim on the merits in summary fashion, the AEDPA standards still apply, but the focus is on the state court's results rather than any reasoning. *See Stevens v. Ortiz*, 465 F.3d 1229, 1235 (10th Cir. 2006).

15. Under 28 U.S.C. § 2254(d)(1), a state court decision involves an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. at 413. However, "a federal habeas court may not issue [a writ of habeas corpus] simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. at 75-76 (internal quotations and citations omitted). "Rather, that application must be objectively unreasonable." *Id.* at 76. A state court cannot be said to have "unreasonabl[y] appli[ed] clearly established Federal law," under 28 U.S.C. § 2254(d)(1), if no Supreme Court decision provides a clear answer to a question presented in the state court. *See Wright v. Van Patten*, 552 U.S. 120, 128 S. Ct. 743, 747 (2008) (citing *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 654 (2006)).

16. Under 28 U.S.C. §§ 2254(d)(2) and (e)(1), a state court decision is based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" only if it is shown by "clear and convincing evidence" that the factual finding is incorrect. *See Wiggins v. Smith*, 539 U.S. 510, 528 (2003).

17. The deferential AEDPA standard of review applies to habeas claims that were adjudicated on the merits in state court proceedings. *See* 28 U.S.C. § 2254(d). If the state court did not adjudicate the claim on the merits, and the claim is not otherwise procedurally barred, a federal court reviews the claim *de novo* under the pre-AEDPA standard of review. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999)). Under the pre-AEDPA standard of review, a state court's findings of fact are afforded a presumption of correctness, and both legal conclusions and mixed questions of law and fact are reviewed *de novo*.

*See Castro v. Ward*, 138 F.3d 810, 815-16 (10th Cir. 1998). "[T]he presumption of correctness will continue to apply to any findings of fact underlying mixed questions." *Id.* at 816 (quoting *Case v. Mondragon*, 887 F.2d 1388, 1393 (10th Cir. 1989)). *See also* 2 Randy Hertz and James S. Liebman, *Federal Habeas Corpus Practice and Procedure*, § 32.1 at 1565 (5th ed. 2005) (if § 2254 habeas claim was not adjudicated on the merits, federal court must employ pre-AEDPA standard of *de novo* review of legal and mixed legal-factual rulings).

### *B. Analysis*

18. Subject to the foregoing standards, the Court considers Mr. Bahney's claims in this proceeding.

#### *1. Mr. Bahney's Claim That Plea was Made "Under Duress"*

19. Mr. Bahney first claims that his due process rights were violated because he entered into a no contest plea as the result of "pressure, coercion, threats and outright lies." *See* **Petition** (*Doc. 1*) at 16. Mr. Bahney states that he was told by his counsel and his counsel's private investigator that if he signed the plea agreement that he would receive 50% to 85% of the 30-year maximum sentence, and that if he did not sign the plea agreement, he would spend his sentence in maximum security and in segregation. *See* **Petition** *(Doc. 1)* at 16.

20. The Court finds that the alleged persuasion and urging by Mr. Bahney's counsel and private investigator are not sufficient to vitiate a voluntary plea. *See United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996) (allegations that counsel hounded, browbeat, and yelled at Defendant, held to be "palpable pressure" but did not make the plea involuntary); *see also Miles v. Dorsey*, 61 F.3d 1459, 1470 (10th Cir. 1995) (citing cases for propositions that attorney's persuasion, "strong urging," and "threat to withdraw from case if client did not accept plea bargain," were insufficient to render plea involuntary). In addition, the Court notes that the state district judge found "[t]hat the plea is voluntary and not the result of force, threats or promises other than a plea

agreement." *Answer*, Exhibit C *(Doc. 15-2)* at 9. The Court, therefore, finds that this claim should be denied.

### 2. Withdrawal of Mr. Bahney's Initial Plea Offer

21. Next, Mr. Bahney alleges that his due process rights were violated because the District Attorney offered him an initial plea, which he accepted, but later the plea "was withdrawn without cause or reason at the last minute." *See* **Petition** (*Doc. 1*) at 16-17.

22. The Court finds no support for the argument that Mr. Bahney's constitutional rights were violated by the withdrawal of a plea offer. There is no evidence in the record of any initial plea agreement that was binding on the District Attorney or of any violation of any terms of a plea agreement by the District Attorney. In Mr. Bahney's petition for habeas corpus to the state district court, Mr. Bahney states that he "agreed to this plea over the phone," but it was later withdrawn. *See Answer*, Exhibit D *(Doc. 15-2)* at 27. The Court finds no other evidence of this plea offer in the record. Although a *pro se* litigant's pleadings are liberally construed, Mr. Bahney is not relieved of the burden of alleging sufficient facts on which a recognized legal claim can be based, and conclusory allegations will not suffice. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim). The Court finds that this allegation is conclusory and, therefore, should be denied.

### 3. Ineffective Assistance of Counsel

23. Mr. Bahney next contends that he was denied constitutionally effective assistance of counsel because his trial attorney failed to contact potential witnesses submitted by Mr. Bahney and failed to file a motion to suppress physical evidence that was obtained pursuant to an unlawful arrest. *See* **Petition** (*Doc. 1*) at 17-18; *see also* **Memorandum in Support** *(Doc. 2)* at 5-6. Mr. Bahney states that he "repeatedly advised counsel and [counsel's] investigator that testimony from neighbors and witnesses could possibly exonerate him" and that his counsel "was well aware

that any physical evidence in this case was illegally obtained [] pursuant to an unlawful arrest." *Petition (Doc. 1)* at 17.

24.	In evaluating an ineffective assistance of counsel claim, an attorney's performance is measured by the two-prong standard established by the Supreme Court in *Strickland v. Washington*. 466 U.S. 668 (1984). To prevail on an ineffective assistance claim under the *Strickland* standard, Mr. Bahney must show that (a) his attorney's performance fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance. *Id.* at 687-88. Both showings must be made to satisfy the *Strickland* standard. *Id.* at 687. To demonstrate unreasonable performance, Mr. Bahney must show that his attorney made errors so serious that his performance could not be considered "reasonable[ ] under prevailing professional norms." *Id.* at 688. To demonstrate prejudice, Mr. Bahney must show a reasonable probability, sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors. *Id.* at 694. The Court does not have to address both prongs of the *Strickland* standard if Mr. Bahney makes an insufficient showing on one of the prongs. *Id.* at 697.

25.	Applying the *Strickland* standard to Mr. Bahney's ineffective assistance of counsel claims, the Court finds no merit to the claims.

26.	Mr. Bahney's claim that his attorney rendered ineffective assistance of counsel by failing to interview witnesses and by failing to move to suppress exculpatory evidence is conclusory and unsupported. In his *Petition*, Mr. Bahney fails to identify any witnesses and provides no specifics as to how their interviews would have altered the outcome of his trial. *See Petition (Doc. 1)* at 17-18. In Mr. Bahney's petition for habeas corpus to the state district court, he states that a person named "Michelle Olguin" saw people in his residence, including "Officer Rivera," and that Mr. Bahney's step-daughter and mother-in-law were at his residence. *See Answer*, Exhibit D

*(Doc. 15-2)* at 26.  In his state habeas petition, Mr. Bahney also states that "I found out that Joshua Carrillo was with Patricia Sipes at Hub motel," that "she told him she had killed someone," and that "she also told her baby[']s uncle Aaron Gutierrez that night."  *Id.*  Finally, Mr. Bahney states in his state habeas petition that "Helen Demasters has information on this case."  *Id.*

27.     The Court finds that Mr. Bahney fails to demonstrate how his counsel's alleged failure to interview these witnesses prejudiced Mr. Bahney.  Mr. Bahney does not specify how the information the witnesses may have provided would have resulted in a different outcome in his case.  Nor does Mr. Bahney allege that if his attorney had interviewed these witnesses, that he would not have pled guilty.  Mr. Bahney does not satisfy the prejudice prong of the *Strickland* analysis because he fails to show a reasonable probability that the result of the proceeding would have been different but for his attorney's alleged unprofessional errors, and, therefore, this claim should be denied.

28.     Mr. Bahney's allegation that his counsel should have moved to suppress exculpatory evidence also has no merit because it is conclusory.  Neither Mr. Bahney's **Petition**, nor his state habeas petition or petition for certiorari review, contain any information about what evidence Mr. Bahney thinks his attorney should have moved to suppress.  Mr. Bahney also fails to state why this evidence was exculpatory.  Since Mr. Bahney fails to allege sufficient facts on which to base this claim, the Court finds that it should be denied.  *See Hall*, 935 F.2d at 1110 (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim).

### *4. State Court's Failure to Consider Mr. Bahney's Reply on Certiorari Review*

29.     Finally, Mr. Bahney contends that his due process rights were violated because he was precluded from filing a reply to the State's response to his petition for certiorari review to the New Mexico Supreme Court because the New Mexico Supreme Court ruled on the petition "immediately" after the State filed its response.  *See* **Petition** *(Doc. 1)* at 18; *see also* **Memorandum**

*in Support (Doc. 2)* at 7-8.  Repondents state that this claim involves an issue of state law and, therefore, does not raise a claim cognizable in a federal habeas corpus proceeding.  *See Answer (Doc. 15)* at 4.

      30.     The Court finds that NMRA Rule 12 -501 governs the filing of a petition for writ of certiorari with the New Mexico Supreme Court following the denial of habeas corpus relief by the state district court and that those rules do not provide a right to file a reply to a response.  *See* NMRA Rule 12-501(C).  Because this claim involves an issue of state law, and does not allege violation of Mr. Bahney's federal constitutional rights, Mr. Bahney is not entitled to federal habeas relief on this claim, and it should be denied.  *See Ogden v. Bravo*, No. 01-2306, 35 Fed. Appx. 722, 725, 2002 WL 102639 (10th Cir. Jan. 28, 2002) (unpublished) (holding that claims in a Section 2254 petition involving New Mexico state law and not alleging the violation of federal constitutional rights were properly denied).

### *C. Conclusion*

      31.     For the foregoing reasons, the Court finds that habeas relief is not warranted on Mr. Bahney's claims.  Mr. Bahney has failed to establish that the adjudication of his claims on the merits in the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  *See* 28 U.S.C. §§ 2254(d)(1)-(2).  Therefore, the Court recommends that Mr. Bahney's *Petition* be denied and that this case be dismissed with prejudice.

## **RECOMMENDED DISPOSITION**

The Court recommends that Mr. Bahney's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (*Doc. 1*) be **DENIED** as without merit, and that this case be **DISMISSED WITH PREJUDICE**.

_____
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**