**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THOMAS LEON BAHNEY,

       Petitioner,

v.                                                                                                     No. CIV 08-1203 JB/LAM

JAMES JANECKA, Warden,
GARY K. KING, Attorney General
for the State of New Mexico,

       Respondents.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION (*Doc. 24*)**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed on June 18, 2009 (Doc. 17)("PF&RD"). On July 2, 2009, Petitioner Thomas Leon Bahney filed his Memorandum in Opposition to Magistrate Judge's Proposed Findings and Recommended Disposition, see Doc. 18 ("Objections"), which the Court construes as objections to the PF&RD, and which were timely filed. The Respondents did not file any objections to the PF&RD or any response to Mr. Bahney's Objections. The Court has conducted a *de novo* review of those portions of the PF&RD to which Mr. Bahney objects and finds that the Objections lack a sound basis in law or facts. Accordingly, the Court has determined that it will overrule Mr. Bahney's Objections, adopt the PF&RD, deny Mr. Bahney's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed December 29, 2008 (Doc. 1)("Petition"), and enter a judgment dismissing this case with prejudice.

In his Objections, Bahney first objects to the PF&RD, asserting that he "is actually innocent of all charges against him," *id.* at 2, and, therefore, he should be allowed to withdraw his guilty plea,

*id.* at 4. Because this statement in the Objections is the first time Bahney has raised the argument that he should be allowed to withdraw his guilty plea because of an assertion of "actual innocence," the Court finds that this issue is deemed waived, and this objection is overruled. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

Next, Bahney objects to the magistrate judge's finding in the PF&RD that there is no support for Bahney's claim that his constitutional rights were violated because the state withdrew a plea offer it had made to Bahney. *See* Objections at 2. Bahney provides a letter from his attorney dated November 7, 2006, which was also submitted as part of his Petition, see Petition, Attachments at 5 (Doc. 1-2), and states that the letter provides evidence of the plea offer that was withdrawn. *See* Objections at 2, 7. In addition, Bahney submits as an attachment to his Objections a copy of a plea agreement, signed by his attorney in November, 2006, which states that Bahney's sentence will "be reduced to 5 to 22 years . . . at the discretion of the Court." *See* Objections at 9. The only signature on this plea agreement is that of Bahney's counsel. *See id.* at 10. While the letter and copy of the plea agreement may demonstrate that the state offered Bahney a plea agreement for a possible maximum sentence of twenty-two years -- at the discretion of the state district court -- these documents do not show that either Bahney or the state ever signed the agreement, or that the state district court ever reviewed and approved the agreement. *Compare* Answer, Exhibit C at 8-9 (March 2, 2007 plea agreement signed by Bahney, his counsel, the prosecutor, and the state district judge)(Doc. 15-2) *with* Objections at 10 (November 2006 plea agreement signed by Bahney's counsel only). These documents do not affect the magistrate judge's finding in the PF&RD that "[t]here is no evidence in the record of any initial plea agreement that was binding on the District

Attorney or of any violation of any terms of a plea agreement by the District Attorney." *See* PF&RD at 11. Bahney's objection on this issue, therefore, lacks factual support in the record and is overruled.

Bahney also objects to the magistrate judge's finding that his counsel was not ineffective by arguing that his counsel: (i) "lied to [him] about the length of time he would actually serve if he pled guilty verses [sic] the maximum he faced if he did not plead guilty;" (ii) failed "to vigorously pursue" the suppression of evidence based on an illegal search and seizure and "because the interpretation of the evidence is factually flawed;" (iii) failed to have an "independent crime scene analysis, in particular blood spatter analysis, interpreted by a defense expert;" and (iv) failed to interview Joshua Carillo and failed to depose Aaron Gutierrez. Objections at 2-6. As explained in the PF&RD, to prevail on an ineffective assistance of counsel claim, Bahney must show that (i) his attorney's performance fell below an objective standard of reasonableness, and (ii) he was prejudiced by the attorney's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Since Bahney raises, for the first time in his Objections, claims of ineffective assistance of counsel based on his counsel allegedly lying to him about the length of sentence he would receive and failing to have an independent crime-scene analysis, the Court finds that these issues are deemed waived. *See United States v. Garfinkle*, 261 F.3d at 1031.

The magistrate judge found that Bahney's contentions that his counsel failed to interview witnesses and failed to move to suppress evidence were conclusory and unsupported, and that Bahney failed to show how the outcome of the case would have been different had his counsel interviewed the witnesses. *See* PF&RD at 12-13. In his Objections, Bahney states that Joshua Carillo and Aaron Gutierrez would testify that Patricia Sipes told each of them that she killed someone, and that this testimony would "absolve [Bahney] of any participation in the crimes

-3-

committed by Patricia Sipes and Angel Esquibel." Objections (*Doc. 18*) at 3-5.  Bahney also states that his counsel should have "move[d] to suppress evidence acquired by the unconstitutional searches made by the state because the cardinal directions were wrong and the layout of the crime scene presented as evidence was incorrect," and it failed to depict an area of property that was protected from illegal search and seizure.  Objections at 5-6.  To satisfy the prejudice prong of *Strickland*, Bahney has to show that, but for his counsel's errors, Bahney would not have pleaded guilty and would have insisted on going to trial.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (explaining that, to determine whether counsel's alleged failure to investigate or to discover potentially exculpatory evidence prejudiced the defendant, the Court must determine "the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea"); *United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1993) (holding that defendant's "mere allegation that, but for [his counsel's alleged error], he would have insisted on going to trial, is insufficient to establish prejudice").  Bahney neither asserts nor provides any support for a finding that, if his counsel had interviewed the witnesses or moved to suppress the evidence, Bahney would have insisted on going to trial to face an additional six counts rather than entering into the plea agreement on only the single count of felony murder.[1]  Moreover, the state district judge made a determination that Bahney entered into the plea agreement voluntarily and that there was "a basis in fact for believing [he] is (guilty) of committing the offenses charged."  Answer, Exhibit C at

---

[1] The Plea Agreement states that, if Bahney enters into the Plea Agreement, the additional charges of Murder in the First Degree (Willful and Deliberate) (Principal or Accessory), and Counts II, III, IV, V and VI will be dismissed or, if not yet filed, will not be brought against Bahney.  *See* Answer, Exhibit C at 7 (Counts II-VI are: Conspiracy to Commit Murder (Willful and Deliberate); Kidnaping (Great Bodily Harm) (Principal or Accessory); Conspiracy to Commit Kidnaping; Aggravated Arson (Principal or Accessory); and Conspiracy to Commit Aggravated Arson)(Doc. 15-2); Grand Jury Indictment, Answer, Exhibit B at 4-5 (Doc. 15-2)).

9)(Doc. 15-2). The Court, therefore, finds that these objections lack a sound basis in the facts or in the law, and are overruled.

Finally, Bahney objects to the PF&RD because he argues prosecutorial misconduct based on the state's submission of a newspaper article as part of its response to Bahney's state petition for writ of certiorari. *See* Objections at 5. Bahney raises this claim for the first time in his Objections, and the Court, therefore, finds that this issue is deemed waived. *See United States v Garfinkle*, 261 F.3d at 1031. In conclusion, upon careful *de novo* consideration of the record of this case, the PF&RD, and Bahney's Objections to the PF&RD, the Court finds that the Objections do not have a sound basis in the law or facts. Therefore, the Court will overrule the Objections, adopt the PF&RD, deny Bahney's Petition, and enter a judgment dismissing this case with prejudice.

**IT IS ORDERED** that: (i) Petitioner Thomas Leon Bahney's objections contained in his Memorandum in Opposition to Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 18) are overruled; (ii) The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 17) are adopted by the Court; (iii) Bahney's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is denied; and (iv) this case be dismissed with prejudice in a final judgment entered concurrently with this order.

_____
UNITED STATES DISTRICT JUDGE